**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

RYRICKA NIKITA CUSTIS, #1207403,

                Petitioner,

v.                                                           ACTION NO.  2:13cv302

HAROLD CLARKE,
Director,

                Respondent.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

      This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

      Petitioner Ryricka Nikita Custis is in state custody pursuant to a conviction on March 10, 2008, following a bench trial in the Circuit Court for the County of Accomack, for one count of robbery, one count of use of a firearm in the commission of a robbery, and one count of possession of a firearm after having been previously convicted of a felony. *Commonwealth v. Custis*, No. 07-CR-273 (Va. Cir. Ct. Mar. 10, 2008). Petitioner was sentenced on July 15, 2008, to serve forty years in the Virginia penal system. *Commonwealth v. Custis*, No. 07-CR-273 (Va. Cir. Ct. July 15, 2008). Petitioner then filed a petition for writ of habeas corpus in the Circuit Court on April 22, 2009, raising a claim of ineffective assistance of counsel because his trial counsel failed to

properly perfect an appeal as of January 20, 2009. *Custis v. Commonwealth of Va.*, No. 09-CL-203 (Va. Cir. Ct. Apr. 22, 2009). Petitioner also filed a Motion for Delayed Appeal, under Va. Code § 19.2-321.1, which allows for delayed appeal of criminal convictions where the appellant is not personally responsible for the failure to perfect the appeal. *Commonwealth v. Custis*, No. 07-CR-273 (Va. Ct. App. May 26, 2009). The Court of Appeals of Virginia granted the Motion for Delayed Appeal, *Commonwealth v. Custis*, No. 07-CR-273 (Va. Ct. App. June 9, 2009), and the Circuit Court dismissed Petitioner's petition for writ of habeas corpus as moot. *Custis v. Commonwealth of Va.*, No. 09-CL-203 (Va. Cir. Ct. July 2, 2009).

Petitioner's direct appeal to the Court of Appeals of Virginia was denied on February 26, 2010. *Custis v. Commonwealth of Va.*, Record No. 1714-09-1 (Va. Ct. App. Feb. 26, 2010). Petitioner then filed a request for rehearing by a three-judge panel on March 8, 2010, which was denied on May 17, 2010. *Custis v. Commonwealth of Va.*, Record No. 1714-09-1 (Va. Ct. App. May 17, 2010). The Supreme Court of Virginia refused Petitioner's petition for appeal on December 1, 2010. *Custis v. Commonwealth of Va.*, Record No. 101214 (Va. Dec. 1, 2010).

On August 23, 2011, Petitioner filed a petition seeking a writ of habeas corpus with the Circuit Court for the County of Accomack, alleging the same grounds alleged in his federal petition. *Custis v. Mathena*, No. 11-CL-330 (Va. Cir. Ct. Aug. 23, 2011). The Circuit Court denied and dismissed the petition on September 7, 2012. *Custis v. Mathena*, No. CL11-330 (Va. Cir. Ct. Sept. 7, 2012). Petitioner appealed to the Virginia Supreme Court on September 19, 2012, and the Supreme Court of Virginia dismissed Petitioner's petition on April 24, 2013. *Custis v.Mathena*, Record No. 121645 (Va. Apr. 24, 2013).

On May 24, 2013, Petitioner filed a petition seeking a writ of habeas corpus in this Court

2

under 28 U.S.C. § 2254. ECF No. 1. Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

> (1) he was denied effective assistance of counsel due to his counsel's failure to conduct an independent investigation of the facts, and counsel's failure to call Gene Deshawn Ayres as a witness on Petitioner's behalf;
>
> (2) he was convicted on insufficient evidence;
>
> (3) the prosecution committed misconduct by failing to investigate inconsistencies in testimony, and by introducing evidence improperly against Petitioner through officer testimony;
>
> (4) his sentence is grossly disproportionate to those imposed on his co-defendants; and
>
> (5) he was denied effective assistance of counsel when counsel failed to raise a challenge of multiplicity of indictments, under the Double Jeopardy clause.

Pet'r's Arg., ECF No. 1-1. On October 7, 2013, Respondent filed a Rule 5 Answer and Motion to Dismiss. ECF Nos. 11 and 12. Petitioner filed a Response to Respondent's Motion to Dismiss and Petitioner's Motion to Strike on October 15, 2013. ECF No. 17.

Petitioner has requested an evidentiary hearing. Pet. 14, ECF No. 1. The Court DENIES the request, as purely legal issues are presented and the Court may adequately resolve the issues as presented in the briefs. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion**

In order for the Court to address the merits of this habeas petition, all of Petitioner's grounds must be exhausted. *See* 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is

satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). All of the grounds presented in this petition have been exhausted either because Petitioner raised them on direct appeal or in his state habeas petition to the Supreme Court of Virginia.

**B. Procedural Default**

This Court can only address the merits of Petitioner's claims if they were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

Petitioner's Grounds (2), (3) and (4), alleging that Petitioner was convicted on insufficient evidence, that the prosecution failed to investigate inconsistent testimony and presented improper testimony, and that Petitioner's sentence is grossly disproportionate, are procedurally defaulted and may not be reviewed by this Court. Petitioner raised all three grounds in his state habeas petition, and the Virginia Supreme Court denied the claim based on Virginia Supreme Court Rule 5:17(c)(1)(iii), which states that the Supreme Court can and should dismiss a petition if the assignments of error do not address the findings of the court from which an appeal is taken. *Custis v. Mathena.*, Record No. 121645 (Va. Apr. 24, 2013). Petitioner's petition to the Virginia Supreme Court addressed errors made by the original trial court, not by the Circuit Court on

4

habeas review. *Id*. Because the petition did not address findings of the habeas court, the Supreme Court found these claims to be procedurally defaulted. *Id*. The Fourth Circuit has held that dismissing a petition for violations of Rule 5:17 constitutes an independent and adequate state procedural rule. *Hedrick v. True*, 443 F.3d 342, 360 (4th Cir. 2006); *Mueller v. Angelone*, 181 F.3d 557, 584 (4th Cir. 1999); *Yeatts v. Angelone*, 166 F.3d 255, 264 (4th Cir. 1999). Therefore, Grounds (2), (3), and (4) are procedurally defaulted and cannot be considered by this Court.[1]

### C. Standard of Review – State Court Adjudicated Claims on the Merits

Petitioner's remaining claims are properly exhausted and may be reviewed by this Court through the lens of deference to the Supreme Court of Virginia's decision. Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

---

[1] Respondent also correctly states that even if Claims 3 and 4 were not procedurally defaulted by the Virginia Supreme Court, they were properly considered procedurally defaulted by the Circuit Court, because both were brought for the first time on habeas review. Resp. Br. In Supp. of Rule 5 Ans. and Mot. to Dismiss 8-11, ECF No. 13. The issues would thus be procedurally defaulted under *Slayton v. Parrigan,* 215 Va. 27, 30 (Va. 1974) (holding that under Virginia law, where a petitioner fails to object during trial, or raise an issue on direct appeal, they may not raise the issue in state habeas). This Court also agrees with Respondent that, based on the factual findings laid out by the Court of Appeals for the State of Virginia and the high standard for sufficiency of the evidence claims in federal court, Claim 2 would also be dismissed if it were not defaulted. *See Custis v. Commonwealth of Va.,* Record No. 1714-09-1 (Va. Ct. App. Feb. 26, 2010); *see also Wilson v. Greene*, 155 F.3d 396, 406 (4th Cir. 1998), *citing Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (holding that a defendant is entitled to relief only if, based on the rebuttable presumption of the facts, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt"). Because Petitioner did not meet this standard, he failed to show that the state court findings resulted in a decision that was contrary to clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts. S*ee* 28 U.S.C. §2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Id.* at 413. A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89.

**D. Analysis**

Petitioner's final two claims assert ineffective assistance of counsel, and, therefore, must meet the standard for ineffective assistance of counsel claims established by *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a review of counsel's performance, to determine 1) whether it fell below an objective standard of reasonableness and 2) whether Petitioner suffered actual prejudice as a result. *Strickland*, 466 U.S. at 687-96. The "performance prong" of review under *Strickland* requires Petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The "prejudice

6

prong" requires Petitioner to show that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In order to meet the burden of establishing a reasonable probability of a different result, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Petitioner must show "probability sufficient to undermine confidence in the outcome." *Id.* at 694. If a claim may be disposed of under one prong, analysis under the remaining prong is not required. *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Because these claims are presented in a petition for federal habeas review under § 2254, Petitioner must show that the Supreme Court of Virginia's dismissal of his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, the *Strickland* standard. 28 U.S.C. § 2254. Applying the doubly deferential standards established in the AEDPA and *Strickland*, this court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Moore v. Hardee*, 723 F.3d 488, 495-96 (4th Cir. 2013) (quoting *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011)). The petition can be granted only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e] Court's precedents." *Id.*

**a. Claim 1**

In Petitioner's first claim, he alleges his trial counsel was ineffective because his counsel failed to conduct an independent investigation of the facts, and failed to present a witness, Gene

7

Deshawn Ayers, who Petitioner contends would present evidence that "excluded Petitioner from being an active participant in the robbery." Pet'r's Arg. 1-3, ECF No. 1-1. The Circuit Court for the County of Accomack, on review of this claim, found the petitioner failed to meet both the performance and the prejudice prongs under *Strickland*. *Custis v. Mathena*, No. CL11-330, (Va. Cir. Ct. Sept. 7, 2012).[2] The Circuit Court found that, although Petitioner claimed that Ayers' testimony was exculpatory and inherently credible due to the fact that he had pled guilty to the charges, Petitioner failed to proffer an affidavit or other document indicating what Ayers' testimony would have been. *Id*. at 6-7. The Court concluded that the failure to proffer was fatal to Petitioner's case, citing both Virginia and Fourth Circuit precedent. *Id*. at 7, *citing Muhammed v. Warden*, 274 Va. 3, 19 (2007), *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996), *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990). Even assuming that the failure to proffer was not fatal and the Court could substitute Ayers' original interview for the proffer, the Circuit Court held that Petitioner could not prove with reasonable probability that the outcome of his trial would have been different, given the addition of Ayers' testimony, and thus Petitioner "failed to satisfy his burden under *Strickland*." *Id.* at 8.

Given Petitioner's lack of proffer, and given the facts found by the trial court, the habeas court's holding that Petitioner fails to meet the prejudice prong of the *Strickland* test was neither contrary to nor an unreasonable application of clearly established federal law, and did not result in a decision that was based on an unreasonable determination of facts. Because the lower court's findings are not contrary to federal law or based on unreasonable factual determinations, this Court agrees with the Accomoack County Circuit Court and the Virginia Supreme Court that Claim 1

---

[2] This Court looks to the last reasoned opinion issued by a state court; since the Virginia Supreme Court rejected Petitioner's appeal, this Court looks to the opinion of the Circuit Court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).

fails, and recommends that Claim 1 should be DENIED.

### b. Claim 5

In Petitioner's fifth claim, he alleges his trial counsel was ineffective because his counsel failed to argue that Petitioner's indictments for use of a firearm in the commission of a felony and unlawful possession of a firearm by a felon violated the Double Jeopardy clause of the Constitution because they were multiplicitous. Pet'r's Arg. 10, ECF No. 1-1. The Circuit Court, on habeas review, found that there was no merit to Petitioner's argument of multiplicity. *Custis v. Mathena*, No. CL11-330, 8 (Va. Cir. Ct. Sept. 7, 2012). The Court found that Double Jeopardy review should potentially be applied to multiplicitous offenses, which it defines as charging the same offense in several counts of an indictment, to protect a defendant from being "given multiple sentences for the same offense." *Id*. at 8, *citing United States v. Stewart*, 256 F.3d 231, 247 (4th Cir. 2001); *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993); Black's Law Dictionary 1041 (8th ed. 2004). However, in this case the Court held that Petitioner's claims of multiplicity and Double Jeopardy were incorrect, because use of a firearm in the commission of a felony and possession of a firearm by a felon are two separate and distinct crimes. *Id.* at 9. The Court stated:

> [I]t is abundantly clear that a violation of Va. Code § 18.2-53.1, which criminalizes the use of a firearm during a felonious act, is a separate and distinct offense with different elements than a violation of Va. Code § 18.2-308.1, which is a status offense, criminalizing the possession of a firearm by one who has been previously convicted of a felony.

*Id*. at 9. From that, the Circuit Court held that because his multiplicity claim is without merit, Petitioner could "demonstrate neither the necessary deficient performance of counsel or resulting prejudice, as he is required to do under *Strickland* to prevail on a claim of ineffective assistance of

counsel in habeas corpus review." *Id.* This Court, and all federal courts, are bound by the state court's interpretation of its own laws in habeas corpus cases. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Additionally, in Petitioner's petition to federal court, he did not provide evidence to demonstrate that the conclusion of the Circuit Court's habeas review was an unreasonable application of or contrary to federal law, nor did he demonstrate that it was based on an unreasonable factual determination. Because of this, this Court gives deference to the findings of the Circuit Court. *See* 28 U.S.C. § 2254(c)(1). Thus, this Court recommends Petitioner's Claim 5 be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for a writ of habeas corpus (ECF No. 1) and Petitioner's Motion to Strike (EFC No. 17) be DENIED and the Respondent's Motion to Dismiss (ECF No. 12) be GRANTED.

Grounds (1) and (5) should be DENIED because the state court's dismissal of Petitioner's claims neither (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," nor (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Grounds (2), (3), and (4) should be DENIED because the claims were procedurally defaulted in state court.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
February 25, 2014

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ryricka Nikita Custis, #1207403
Sussex I State Prison
24414 Musselwhite Dr
Waverly, VA 23890

Benjamin Hyman Katz, Esq.
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk
February 26, 2014